IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. TAYLOR, JR., ) | CV F 04-5829 REC WMW HC |
| ) Petitioner, ) | |
| ) | FINDINGS AND |
| ) | RECOMMENDATIONS RE |
| v. ) | MOTION TO DISMISS |
| ) | |
| ) | [Doc. 6] |
| P. L. VASQUEZ, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Following a jury trial in Kern County Superior Court, Petitioner was convicted on March 16, 1999, of murder (Penal Code Section 187, subd.(a)); assault with a firearm (Penal Code Section 245, subd. (a)(2)); and felon in possession of a firearm (Penal Code Section 12021, subd.(a)(1)). The jury also found true the enhancement allegation that Petitioner personally and intentionally discharged a firearm which proximately caused great bodily

injury. See Penal Code Section 12022.53, subd(d). The trial court found true the allegation that Petitioner served two prison terms for felony convictions. See Penal Code Section 667.5, subd.(b). The trial court imposed an indeterminate state prison term of 50 years to life, consecutive to a six-year determinate term.

Petitioner filed a direct appeal with the California Court of Appeal, which affirmed the judgment on January 24, 2001. Petitioner filed a petition for review with the California Supreme Court, which the court denied on April 18, 2001.

Petitioner filed three petitions for writ of habeas corpus challenging the judgment. Petitioner filed the first petition in Kern County Superior Court in case number HC007651 on October 2, 2002. The court denied the petition October 30, 2002. A supplemental petition was received in case number HC007651 on February 10, 2003, on which no action was taken. Petitioner was advised by addendum to order that there was no action pending which could be supplemented. Petitioner filed the second petition in the California Court of Appeal in case number F042823 on April 15, 2003. The court denied the petition on June 13, 2003. Petitioner filed the third petition in the California Supreme Court in case number S117166 on July 1, 2003, and filed a supplement on October 20, 2003. The court denied the petition on March 17, 2004.

## DISCUSSION

Respondent contends that this petition should be dismissed as untimely, because it was filed beyond the applicable statute of limitations. Petitioner opposes the motion.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 14, 2004 , and thus, it is subject to the provisions of the AEDPA.

2

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the Court of Appeal issued its opinion in case number F033033 affirming the judgment on January 24, 2001. Petitioner filed a petition for review with the California Supreme Court in case number S094903, which the court denied on April 18, 2001. The time to seek review ended upon expiration of the 90-day period following denial of review which Petitioner had to file a petition for writ of certiorari with the United States Supreme Court.[1] Thus, direct review concluded on July 17, 2001.[2] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the

---

[1] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[2] See Sup.Ct. R. 13(1)

3

United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year from July 17, 2001, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Petitioner, however, did not file his federal petition until June 14, 2004, almost two years after the expiration of the statute of limitations.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period does not, however, toll for the time during which a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120 (2001).

---

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

4

In the present case, Petitioner filed three petitions for writ of habeas corpus with the California courts. However, the first petition was not filed in Kern County Superior Court until October 2, 2002, more than two months after the statute of limitations expired. Therefore, the court finds that Petitioner's three petitions for writ of habeas corpus filed with the California courts did not serve to toll the statute of limitations. See Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

In opposing Respondent's motion to dismiss his petition, Petitioner argues that he initially filed a petition for writ of habeas corpus on December 24, 2001, before the statute of limitations was exhausted. That petition was dismissed without prejudice because none of the claims had been exhausted. Petitioner claims, however, that this demonstrates a good faith effort on his part to file his federal petition in a timely matter, and that but for his lack of knowledge regarding correct procedures, would have done so.

The court, having considered Petitioner's arguments at length, finds no basis in this case for equitable tolling. Despite his claims about acting in good faith, Petitioner did not even attempt to exhaust his claims in state court until after the statute of limitations had expired. This is not a case in which extraordinary circumstances made it impossible for a petitioner to file his petition on time. Indeed, Petitioner faced the same obstacles as any incarcerated person attempting to pursue a petition for writ of habeas corpus in pro se. Rather, this is simply a case of lack of diligence leading to the expiration of the statute of limitations. Accordingly, no equitable tolling is warranted.

Because neither statutory nor equitable tolling applies in this case, the statute of limitations expired on July 16, 2002. The present petition, filed June 14, 2004, is thus untimely. Accordingly, the court HEREBY RECOMMENDS that the present petition be dismissed with prejudice and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 23, 2006**            /s/  **William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE